Per Curiam.

Section 2323.18, Revised Code, provides, in part, as follows:
“When, upon the statements in the pleadings or upon the evidence received upon the trial, or both, one party is entitled by law to judgment in his favor, upon motion of such’party, filed as provided in Section 2323.181 of the Revised Code, judgment shall be so rendered by the court although the jury may have failed to reach a verdict or a verdict has been rendered against such party and a judgment entered thereon, and whether or not a motion to direct a verdict has been made or overruled, but no judgment shall be rendered by the court on the ground that the verdict is against the weight of the evidence.”
*70 The motion for judgment in the Court of Common Pleas was sustained upon the claim that the defendant “is entitled by law to judgment upon the evidence received on the trial” and the affirmance by the Court of Appeals was based on the finding that the plaintiff “has not sustained the burden of proof resting upon him in support of the allegations contained in his petition. ’ ’
The finding of the trial court that the defendant “is entitled by law to judgment upon the evidence received on the trial ’ ’ was not a finding that there was no evidence to support a judgment for the plaintiff. If the judgment was so intended the trial court could have made that finding. It should be noted that defendants’ request for judgment at the end of plaintiff’s evidence was overruled and, when renewed at the end of all the testimony, was again overruled. The jurisdiction of the trial court to hear this action was determined by this court in its prior decision, supra. See, also, International Assn. of Machinists v. Gonzales, 356 U. S., 617, 2 L. Ed. (2d), 1018, 78 S. Ct., 923, and International Union v. Russell, 356 U. S., 634, 2 L. Ed. (2d), 1030, 78 S. Ct., 932. This leaves us, therefore, only the question of evidence.
Obviously, the trial court was not of the opinion that there was no evidence to support the plaintiff’s cause or it would have so ruled at the end of all the testimony, if not at the end of plaintiff’s testimony. The only construction remaining to be resolved so far as the trial court’s decision is concerned relates to the burden of proof and the affirmance of the trial court’s judgment by the Court of Appeals on the ground that plaintiff had “not sustained the burden of proof resting upon him.” That appellate court finding recognizes that the finding of the trial court was reached by weighing the evidence. The affirmance was without an accompanying opinion explaining or setting forth how defendant “was entitled by law to judgment in his favor.”
Had the jury arrived at a verdict for either plaintiff or defendants the trial court would have been without authority under Section 2323.18, Revised Code, quoted supra, to have rendered judgment for the adverse party on the basis of weight of the evidence. Upon such a finding, the trial court would have been required to grant a new trial. Had a verdict been found for either *71 party and judgment entered accordingly, the Court of Appeals would have been without authority on appeal to enter final judgment for the adverse party or modify the trial court judgment (except as to remittitur) on the weight of the evidence.
The burden which rested upon the plaintiff in this case was to establish the material averments of his cause of action by a preponderance of all the evidence. Ginn, Admr., v. Dolan, 81 Ohio St., 121, 90 N. E., 141, 135 Am. St. Rep., 761; Klunk v. Hocking Valley Ry. Co., 74 Ohio St., 125, 77 N. E., 752; 21 Ohio Jurisprudence (2d), 161 et seq., Section 154; Brunny, Admx., v. Prudential Ins. Co., 151 Ohio St., 86, 93, 84 N. E. (2d), 504.
The fact that no verdict was rendered by the jury because of its failure to agree does not deprive the parties of their respective rights to try the case again. The trial court could have entered its judgment only after finding that at the conclusion of all the testimony and after construing all the relevant and competent evidence adduced most strongly in the plaintiff’s favor, it was in law not sufficient to warrant the relief prayed for in the petition of the plaintiff.
In the case of Dick v. Railroad Co., 38 Ohio St., 389, at page 392, it is stated in the opinion:
“If there was evidence tending to support the issue, the court below erred in arresting it from the jury. It is only, where no evidence is introduced by the plaintiff, tending to support the issue, or where it is such as to show clearly, that he has no cause of action, that it is the duty of the court, to direct judgment of nonsuit. ’ ’
In the case of Poske v. Mergl, 169 Ohio St., 70, 157 N. E. (2d), 344, this court stated the rule in relation to “weight” or “sufficiency” of the evidence, as a basis for a granting of a new trial. Paragraph one of the syllabus is as follows:
“Where the evidence in the trial of a case is such that the case must be submitted to a jury to find for either the plaintiff or defendant, and where the trial court after its review of the evidence on a motion for a new trial is convinced that there is insufficient credible evidence to sustain a judgment upon the verdict of the jury, such court may, in its discretion, grant not more than one new trial for that reason.”
The finding by the trial court that judgment should be ren *72 dered ‘ ‘ upon the evidence received on the trial ’ ’ is insufficient to authorize judgment for the defendants and the finding of the Court of Appeals that plaintiff “has not sustained the burden of proof resting upon him in support of the allegations in his petition” is likewise insufficient. The judgment must, therefore, be reversed and the cause remanded to the Court of Common Pleas for a new trial.

Judgment reversed.

Weygandt, C. J., Matthias, Bell and Herbert, JJ., concur.
Zimmerman, Taet and Peck, JJ., dissent.